UNITED STATES of America,
Appellee,

v.

Milton BURNS, Appellant.

No. 137, Docket 71–1588.

United States Court of Appeals,
Second Circuit.

Argued Sept. 24, 1971.

Decided Oct. 14, 1971.

Louis Bender, New York City, for appellant.

Arthur A. Munisteri, Asst. U. S. Atty., New York City (Whitney North Seymour, Jr., U. S. Atty., and John W. Nields, Jr., Asst. U. S. Atty., New York City, on the brief), for appellee.

Before FRIENDLY, Chief Judge, MULLIGAN and TIMBERS, Circuit Judges.

PER CURIAM:

Appellant Milton Burns appeals from a judgment of conviction entered upon a jury verdict after a ten day trial in the Southern District of New York, Frederick vP. Bryan, District Judge, finding him guilty on two counts of income tax evasion with respect to his own income for the calendar years 1961 and 1962, in violation of 26 U.S.C. § 7201 (1970), and on two counts of making false statements on the information returns filed by his corporation for the same years, in violation of 26 U.S.C. § 7206(1) (1970). Finding no error, we affirm.

During the tax years in question, Burns and his wife owned a garment manufacturing business, Milton Burns, Inc., managed by Burns. The corporation paid no tax. Its income was reported in the gross income of its stockholders—Burns and his wife—as though the corporation were a partnership, pursuant to 26 U.S.C. § 1373 (1970). The corporation filed only an information return.

The government's case was based essentially on the claim that the corporation understated its income for each of the tax years to the extent of approximately $40,000. It did so by overstating its purchase of fabrics as raw materials. There was evidence that the corporation issued checks to three fictitious companies in payment of false invoices for merchandise never received by the corporation. This resulted in a fraudulent increase in business expenses and a corresponding diminution in taxable income. There also was evidence that the corporation deducted as business expenses during each of the tax years certain payments which actually were for

goods and services furnished for the personal enjoyment of Burns and his family.

Upon the entire record, we hold that there was sufficient evidence to warrant submitting the case to the jury and that the verdict was adequately supported; that the admission of the Rubenstein affidavit to establish past recollection recorded, under all the circumstances, did not constitute prejudicial error; and that the government's summation, viewed in context, was not improper. We have carefully considered all of appellant's claims of error and find them to be without merit.

This is a typical tax evasion—false statements case, vigorously prosecuted, zealously defended and ably presided over by an experienced trial judge. The excellent briefs and oral arguments on appeal from both sides have greatly assisted us in our examination of the voluminous record. Since we find no novel claims of law or fact which warrant burdening the F.2d reporter with extensive discussion, we limit ourselves to this brief opinion.

Affirmed.